UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE BRIAN GARVIE,<br><br>                 Petitioner,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>                 Respondent. | Case No. 2:18-cv-01371-JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

On September 17, 2018, state prisoner Eugene Brian Garvie submitted a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, in which he appeared to be challenging a 2006 judgment. Dkt. 4. The Court declined to serve the petition because Mr. Garvie failed to state the grounds on which he claimed he was being held in violation of the Constitution or the specific facts supporting his claims; failed to name the superintendent of the facility where he is incarcerated (Ron Haynes, Superintendent of Stafford Creek Corrections Center); and failed to explain why he did not file his federal petition challenging his 2006 guilty plea until September 17, 2018. Dkt. 5. At Mr. Garvie's request, the Court granted him over ninety days to file an amended petition. *Id.*; Dkt. 7.

On February 15, 2019, an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, was submitted by Alvin Hegge "on behalf of" Mr. Garvie "as next friend." Dkt. 8. The

REPORT AND RECOMMENDATION - 1

amended petition is also signed by Mr. Garvie. Dkt. 8, p. 19. For the reasons explained herein, the Court should construe the petition as having been filed *pro se* by Mr. Garvie.

Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition and attached exhibits the petitioner is not entitled to relief. The Court has reviewed the habeas petition and concludes it is barred by the federal statute of limitations, and that no amendment would cure this barrier. Additionally, even if the habeas petition was timely filed, it should be dismissed because it fails to raise a claim upon which habeas relief may be granted. Accordingly, for the reasons set forth below, the Court recommends the habeas petition be denied and the case dismissed with prejudice. The Court also recommends a certificate of appealability not be issued.

**BACKGROUND**

**A.     State Court Procedural History**

Mr. Garvie pleaded guilty in 2006 to second degree rape of a child, sexual exploitation of a minor, and two counts of possession of depictions of a minor. Mr. Garvie did not appeal and therefore, his judgment and sentence was final when it was entered on July 31, 2007. Dkt. 4-1, p. 77; RCW 10.73.090(3)(a). In January 2018, Mr. Garvie filed a personal restraint petition in Division One of the Court of Appeals, contending that his offender score had been miscalculated. On April 10, 2018, the acting chief judge dismissed the petition:

> Garvie claims that his correct offender score was zero because he had no prior criminal history and that his current convictions were improperly treated as prior convictions. It is clear from the record that Garvie's sentence was the result of a negotiated plea agreement. However, Garvie does not provide any of the relevant documents related to his plea. "A guilty plea generally waives challenges to the defendant's offender score because a defendant's agreed standard range sentence is based in part on his criminal history and because guilty plea agreements usually contain a stipulation to criminal history." State v. Harris, 148 Wn. App. 22, 29, 197 P.3d 1206, 1209 (2008).

REPORT AND RECOMMENDATION - 2

> In any event, the premise of Garvie's argument is incorrect. RCW 9.94A.589(1)(a) specifies that:
>
>> Whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions <u>as if they were prior convictions</u> for the purpose of the offender score. [Emphasis added in original].
>
> Prior felony sex convictions "shall always be included in the offender score." RCW 9.94A.525(2)(a). If the current conviction is for a sex offense, all prior sex offense convictions count as three points each. RCW 9.94A.525(17). Garvie's reliance on <u>State v. Bolar</u>, 129 Wn.2d 361, 917 P.2d 125 (1996) is unavailing. <u>Bolar</u> addressed the scoring of multiple prior offenses where the sentences were ordered to run concurrently. Again, Garvie's offender score in this case was based on his other current convictions, not prior convictions.
>
> Garvie fails to present an arguable basis for collateral relief in law or fact given the constraints of the personal restraint petition procedure. Therefore, his collateral challenge must be dismissed. <u>In re Pers. Restraint of Khan</u>, 184 Wn.2d 679, 686-87, 363 P.3d 577 (2015).

Dkt. 4-1, p. 62.

On May 31, 2018, Mr. Garvie filed a motion for discretionary review and for an extension of time to file his late motion for discretionary review. Dkt. 4-2, p. 3. The Washington Supreme Court found that the requested extension was unnecessary to prevent any gross miscarriage of justice as Mr. Garvie's motion for discretionary review lacked merit. The Court first noted that because Mr. Garvie filed his collateral challenge more than one year after his judgment and sentence became final, the challenge was untimely unless he was able to demonstrate that the judgment and sentence was facially invalid, was entered without competent jurisdiction, or asserted solely grounds for relief exempt from the one-year limit. *Id.* Mr. Garvie argued that his offender score should be 0 because he had no prior criminal history before he committed his current offenses in 2005 and 2006. The Washington Supreme Court rejected this argument:

REPORT AND RECOMMENDATION - 3

A facially invalid sentence is one that is entered by a court that lacks "authority to impose the challenged sentence." *In re Pers. Restraint of Snively*, 180 Wn.2d 28, 32, 320 P.3d 1107 (2014). A sentence based on an improperly calculated offender score can be found facially invalid if the court applied an incorrect standard sentencing range because of the calculation error. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866-68, 50 P.3d 618 (2002). Absent a showing of facial invalidity, a claimed offender score error is not an exempt ground for relief. *Id.* at 865-67; *In re Pers. Restraint of Vehlewald*, 92 Wn. App. 197, 201-02, 963 P.2d 903 (1998).

…. Both under current and former sentencing statutes, multiple current offenses are treated as prior convictions for purposes of calculating the offender score. Former RCW 9.94A.589(1)(a) (2005). Sex offenses are generally scored at three points each. Former RCW 9.94A.525(16) (2005). Here, Mr. Garvie committed three other sex offenses in addition to rape and thus would generally receive an offender score of 9. His judgment and sentence states his offender score was 5, presumably the result of his negotiated plea agreement. In any event, his argument that his offender score was 0 is frivolous. The acting chief judge properly dismissed the personal restraint petition.

Dkt. 4-1, p. 3.

**B.      Federal Habeas Claims**

Mr. Garvie refers to two convictions in his amended petition – the first judgment of conviction is dated July 31, 2007, Case Number 06-1-01151-6, and involves convictions of Rape of a Child in the 2nd Degree, Sexual Exploitation of a Minor, and Possession of Depictions of a Minor. The second judgment of conviction is dated August 24, 2016, Case Number 15-1-02668-7, and involves a conviction for First Degree Perjury. Mr. Garvie pleaded guilty in both cases. Dkt. 8, p. 2.

Although Mr. Garvie mentions the 2016 conviction in his amended petition, his grounds for relief are related only to his 2006 convictions (or are otherwise related to claims not cognizable in a habeas action):[1]

---

[1] Mr. Garvie also refers to post-conviction filings in the Washington Court of Appeals relating only to his 2006 convictions. *See,* Dkt. 8, p. 2 ("I have filed to [sic] state personal restraint

REPORT AND RECOMMENDATION - 4

1. The trial court lacked jurisdiction to impose a minimum sentence of 158 months and maximum of life on a second degree rape of child conviction.

2. The offender score was required to be zero because petitioner had no prior convictions.

3. The trial court lacked competent jurisdiction to impose any sentence because petitioner was not sentenced within the mandatory time limitation of RCW 9.94A.500.

4. Petitioner is actually and legally innocent.

5. Petitioner was deprived of his right to appeal.

6. Petitioner was denied effective assistance of counsel when his trial attorney failed to object to the denial of speedy trial and absence of probable cause.

7. Prison officials are violating Petitioner's First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights by seizing his legal files and forbidding him from seeking legal assistance from Alvin Hegge.

Dkt. 8.

**DISCUSSION**

Mr. Garvie's habeas petition was filed more than nine years after the judgment for which he seeks relief in his amended habeas petition was final. The petition is thus barred by the federal habeas statute of limitations.

The Court has considered whether there is an exception to the statute of limitations which applies here and concludes that no exception applies. In Paragraphs 1 and 2 above, Mr. Garvie claims that the trial judge erred in calculating his offender score. These are not claims based upon newly discovered evidence or new United States Supreme Court law made applicable to

---

petitions, Case Number 72984-5-I filed 11/3/14, inter alia claiming innocence; and Case No.: 77904-4-I (filed 1/7/18) claiming my State Judgment and Sentence is void on its face based on trial court's lack of authority to impose the sentence given.)

REPORT AND RECOMMENDATION - 5

cases on collateral review. Rather the claims are based upon an alleged sentencing error and are therefore claims that Mr. Garvie knew about, or should have known about, when he was sentenced in 2006. Thus the state sentencing errors alleged are not contrary to or an unreasonable application of clearly established Supreme Court law, and is not a basis for federal habeas relief.

The claims set forth in Paragraphs 3, 4, 5, and 6 above do not appear to have been raised in the state appellate courts and are unexhausted in addition to being untimely. Claim 7 sets forth a claim that is not cognizable in habeas.

**A.    The Federal Statute of Limitations, 28 U.S.C. § 2244(d)**

Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms

REPORT AND RECOMMENDATION - 6

the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the state supreme court, the direct review process concludes upon expiration of time for seeking review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, 132 S. Ct. at 653-54.

**The 2006 Convictions**

Mr. Garvie was sentenced on July 31, 2007 for the 2006 convictions. He had thirty days to file a direct appeal. Because he did not file a direct appeal, his judgment and sentence became final on August 31, 2007. The federal statute began to run on September 1, 2007 and expired one year later on September 1, 2008. Over nine years later in January 2018, well after the federal habeas one-year statute had expired, Mr. Garvie filed his personal restraint petition in the Washington Court of Appeals. When he filed his motion for discretionary review, the Washington Supreme Court noted that his challenge was untimely because it had been filed more than one year after his judgment and sentence became final.

**The 2016 Conviction**

According to his amended habeas petition, Mr. Garvie was sentenced on August 24, 2016 for perjury, but he filed no direct appeal or any collateral challenge to this judgment in the Washington appellate courts. As previously noted, Mr. Garvie presents no grounds for relief in his habeas petition related to the 2016 perjury conviction. However, to the extent Mr. Garvie is seeking relief, he must first show that he has exhausted the remedies available in state court. Exhaustion requires that any contention Mr. Garvie has related to his 2016 conviction was fairly presented to the state courts, *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition

REPORT AND RECOMMENDATION - 7

unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. *See Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Accordingly, Mr. Garvie's federal habeas petition, which was filed on September 17, 2018, is untimely and should be dismissed.

**B.     Equitable Tolling**

The Court has considered whether there are equitable grounds to toll the statute of limitations. The federal statute of limitations may be equitably tolled if the petitioner shows "'(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). A simple "miscalculation" of the statutory deadline is not a sufficient basis for demonstrating equitable tolling. *Id.* at 2564. To obtain equitable tolling, extraordinary circumstances beyond a petitioner's control must have prevented the petitioner from filing a federal petition on time. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc); *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004); *Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003).

Equitable tolling is appropriate only where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The threshold necessary to obtain equitable tolling is thus very high, and the petitioner bears a heavy burden to obtain tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002). The record shows Mr. Garvie knew about or should have known about the factual and legal grounds for his claims when he was sentenced in July 2007 and could have filed a federal habeas corpus petition within the federal statute of limitations but did not. Although Mr. Garvie may have miscalculated the deadlines for expiration of the statute of limitations, such miscalculations is not a basis for equitable tolling.

REPORT AND RECOMMENDATION - 8

**C.    Next Friend**

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition must be "signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c)(5). Typically under the rule, the person authorized to sign on behalf of the petitioner is the petitioner's attorney. *See* Advisory Committee Notes to Rule 2 of the Rules Governing 2254 Cases.

Apart from a petitioner's attorney, a person designated as a petitioner's "next friend" would be authorized to sign a habeas petition on their behalf. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). To qualify for "next friend" status, the person filing the petition on behalf of a petitioner would need to satisfy a two prong analysis. "Next friends" must first show that the person seeking relief is unable to litigate his or her own cause due to mental incapacity, lack of access to court, or some other disability. *Coalition of Clergy, Lawyers, and Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir.2002). Second, the person claiming standing must demonstrate that they possess some significant relationship with, and is truly dedicated to the best interest of, the person seeking relief. *Id*.

The United States Supreme Court has recognized that "next friend" status has "long been an accepted basis for jurisdiction in certain circumstances," including habeas petitions. *Whitmore*, 495 U.S. at 162–63. However, courts must be critical when deciding to grant such standing. Due to the high stakes involved, and because successive habeas petitions cannot be filed in Washington, district courts must be certain that the habeas petition is authorized by the petitioner. For example, relatives are frequently granted "next friend" standing. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 124 S.Ct. 2633, 159 L.Ed.2d 578 (2004) (recognizing "next friend" standing to father on behalf of son held as an enemy combatant); *Gilmore v. Utah*, 429 U.S.

REPORT AND RECOMMENDATION - 9

1012, 1013–14, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976) (granting "next friend" standing to mother on behalf of prisoner); *U.S. ex rel. Toth v. Quarles*, 350 U.S. 11, 13, 76 S.Ct. 1, 100 L.Ed. 8 (1955) (granting "next friend" standing to sister on behalf of prisoner in Korea).

However, the demonstration of a significant relationship with the petitioner alone is not enough, and both elements of the analysis are equally as important. *See*, *e.g.*, *Demosthenes v. Baal*, 495 U.S. 731, 735, 110 S.Ct. 2223, 109 L.Ed.2d 762 (1990) (denying "next friend" standing to parents on behalf of prisoner when there was no showing of mental incompetence); *Brewer v. Lewis*, 989 F.2d 1021, 1026 (9th Cir.1993) (holding a mother lacked next friend standing to bring a stay of execution because she failed to show "meaningful evidence that the condemned prisoner was suffering from a mental disease, disorder or defect that substantially affected his capacity to make an intelligent decision." (internal quotations removed) (citing *Whitmore*, 495 U.S. at 166).

Here there has been no demonstration of a significant relationship between Mr. Garvie and Mr. Hegge, and no evidence that Mr. Garvie is suffering from any mental disease, disorder or defect that substantially affects his capacity to make an intelligent decision. As previously noted, Mr. Garvie submitted his original pleadings in this matter and signed his amended habeas petition (Dkts. 1, 3, 6, 8). Accordingly, the Court should deny "next friend" standing to Mr. Hegge and consider the petition as having been filed by Mr. Garvie *pro se*.

**D.  Unexhausted Claims - Claims 3-6**

In Claims 3, 4, 5, and 6 of his amended petition, Mr. Garvie claims he was not sentenced within the mandatory time limitation of RCW 9.94A.500; that he is actually and legally innocent; he was deprived of his right to appeal; and denied effective assistance of trial counsel. Exhaustion requires that any contention Mr. Garvie has related to his 2016 conviction was fairly

REPORT AND RECOMMENDATION - 10

presented to the state courts, *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. *See Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

It does not appear that Mr. Garvie fairly presented these claims to the state courts and because the claims are also untimely, they should be dismissed.

**E.   Claims Outside of Habeas Core – Claim 7**

In Claim 7 of his amended petition, Mr. Garvie purports to bring various civil rights claims under 42 U.S.C. §§ 1983 and 1985 and seeks injunctive and declaratory relief against unknown prison officials for "seizing his legal files and forbidding him from seeking legal assistance from Alvin Hegge." *See*, *e.g.*, Dkt. 8, p. 8 (Ground Seven); p. 19 (relief sought).

Because these claims do not fall within the "core of habeas corpus", *Preiser v Rodriguez*, 411 U.S. 475, 487 (1973), these claims must be brought, if at all, under 42 U.S.C. § 1983. *See also*, *Nettles v. Warden*, 830 F.3d 922 (9th Cir. 2016) (the scope of habeas is limited to claims within the core of habeas and does not extend to a claim that does not challenge the validity or duration of the underlying conviction or sentence). Accordingly, this claim should be dismissed.

**F.   Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C.

§ 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Mr. Garvie is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the foregoing reasons, this Court recommends Mr. Garvie's federal habeas petition be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d). The Court further recommends that a certificate of appealability be denied. A proposed order and judgment accompany this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

If petitioner objects to this report and recommendation, he must file his objection by **March 22, 2019.** The Clerk should note the matter for **March 25, 2019**, as ready for the District Judge's consideration. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 1st day of March, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge